CHALOS, O'CONNOR & DUFFY
Attorneys for Defendant
Kinder Morgan Bulk Terminals, Inc.,
366 Main Street
Port Washington, New York 11050
(516) 767-3600
Owen F. Duffy (OD-3144)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MAN FERROSTAAL, INC.

      Plaintiff,         07 CIV. 3891 (JGK)
                    ECF CASE
  -against-

M/V MOON SEA, her engines, boilers, tackle, etc.,
KINDER MORGAN BULK TERMINALS, INC.,  **ANSWER WITH**
SKARSUN LTD., SKAARUP MANAGEMENT  **CROSS-CLAIM**
(HONG KONG) CO. LTD., MOON SEA
SHIPPING LTD., KEY MARITIME LTD.,
COSCO BULK CARRIER CO LTD. (COSCO
BULK),
      Defendants.
-------------------------------------------------------------X

  Defendant, KINDER MORGAN BULK TERMINALS, INC. (hereinafter KINDER MORGAN), by their attorneys, Chalos, O'Connor & Duffy, answering the Verified Complaint herein, and asserting a Cross-claim against the defendant, SKARSUN LTD., allege upon information and belief as follows:

1. Defendant KINDER MORGAN admits that the Complaint alleges an Admiralty and Maritime Claim with respect to the carriage of goods by water. Except as so specifically admitted, Defendant KINDER MORGAN, denies the remaining allegations that are set forth in paragraph one (1) of the Complaint.

2. Defendant KINDER MORGAN denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph two (2) of the Complaint as to the Plaintiffs' status as owners or duly authorized representatives of the owners or underwriters or subrogated underwriters of the subject cargo. Except as so specifically denied, Defendant KINDER MORGAN denies information sufficient to form a belief as to the truth of the allegations contained in paragraph two (2) of the Complaint.

3. Defendant KINDER MORGAN admits that it was the stevedore and terminal operator at the time the cargo described in Schedule A of the Complaint was shipped. Defendant KINDER MORGAN denies that it was either a vessel owner, supplier, seller, shipper, inspector, manager, operator, charterer, freight forwarder, common carrier, bailee for hire, or insurer for the cargo listed in Schedule A of the Complaint. Except as so specifically admitted and except as so specifically denied, Defendant KINDER MORGAN denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph three (3) of the Complaint.

4. Defendant KINDER MORGAN denies the allegations contained in paragraph four (4) of the Complaint.

5. Defendant KINDER MORGAN denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph five (5) of the Complaint.

6. Defendant KINDER MORGAN denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph six (6) of the Complaint.

7. At the present time, Defendant KINDER MORGAN denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph seven (7) of the Complaint, but it reserves the right to arbitrate.

8. Defendant KINDER MORGAN denies the allegations contained in paragraphs eight (8) of the Complaint.

## AS FOR AFFIRMATIVE DEFENSES TO THE COMPLAINT

### FIRST AFFIRMATIVE DEFENSE

9. The Complaint fails to state a cause of action against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

10. The Court lacks *in personam* jurisdiction over the Defendant, KINDER MORGAN.

### THIRD AFFIRMATIVE DEFENSE

11. If any damage was sustained to the shipment referred to in the Complaint, which is specifically denied, such alleged damage was not caused by or contributed to by Defendant KINDER MORGAN.

## FOURTH AFFIRMATIVE DEFENSE

12. If any damage was sustained to the shipment referred to in the Complaint, which is specifically denied, such alleged damage was not sustained by the shipment while in the care, custody or control of Defendant, KINDER MORGAN.

## FIFTH AFFIRMATIVE DEFENSE

13. If the cargo referred to in the Complaint was damaged, which is specifically denied, then such damage was the result of, arose from, or was contributed to, in whole or in part, by the negligence or fault or want of care of Plaintiffs, their agents, co-Defendants, or other third parties and not by any negligence or fault or want of care on the part of Defendant KINDER MORGAN.

## SIXTH AFFIRMATIVE DEFENSE

14. The shipment described in the Complaint was subject to all the terms, conditions, exemptions, exceptions, and limitations contained in certain dock receipts, bill(s) of lading, charter parties, service contracts, or other relevant contracts.

## SEVENTH AFFIRMATIVE DEFENSE

15. The shipment in question was received, carried, discharged and/or delivered subject to the terms, conditions, exceptions and limitations of certain dock receipts, bill(s) of lading, applicable tariffs, service contracts, and other contracts of affreightment by which the shippers, owners, consignees and holders of said bill of lading agreed to be bound. Any loss or damage alleged to have been suffered by such shipment or to the shipper or consignee, which loss is specifically denied, was due to a cause or causes for which Defendant KIKNDER MORGAN is not liable, or otherwise has limited liability, by virtue of the provisions of said dock receipts, bills of lading, tariffs, service

4

contracts, and/or contracts of affreightment. Defendant KINDER MORGAN, furthermore, reserves the right to invoke any provisions of said dock receipts, bills of lading, tariffs, service contracts, and/or contracts of affreightment with respect to the forum selection agreements, choice of law, and/or agreements to arbitrate.

## EIGHTH AFFIRMATIVE DEFENSE

16. The shipment in question was received, carried, discharged and/or delivered subject to the terms, conditions, exceptions and limitations of The Hague Rules, the United States Carriage of Goods by Sea Act, or other legislation governing the carriage of goods by sea. Any loss or damage alleged to have been suffered by such shipment or to the shipper or consignee, which loss is specifically denied, was due to a cause or causes for which Defendant KINDER MORGAN is not liable, or otherwise has limited liability, by virtue of the provisions of said legislation.

## NINTH AFFIRMATIVE DEFENSE

17. Plaintiff's action is barred because it failed to properly mitigate, minimize or avoid its alleged loss and otherwise failed to act prudently, including but not limited to the exercise of rights and options available to it.

## TENTH AFFIRMATIVE DEFENSE

19. Plaintiff's Complaint fails to describe its claim with sufficient particularity to enable Defendant KINDER MORGAN to determine all of the applicable defenses, and Defendant, therefore, and hereby reserves their rights to assert any and all additional defenses once the precise nature of the claims is ascertained.

## AS FOR A CROSS-CLAIM AGAINST DEFENDANT SKARSUN LTD.

20. Defendant KINDER MORGAN repeats and reiterates each and every answer, denial and defense set forth in paragraphs one (1) through nineteen (19) with the same force and effect as if herein repeated and set forth at length.

21. If any liability for the damage in the Complaint is adjudged against and imposed upon Defendant KINDER MORGAN, which liability is specifically denied, said liability was brought about by Defendant SKARSUN LTD., by its negligence and/or breach of contract, and by reason thereof, Defendant KINDER MORGAN is entitled to recover full indemnity or contribution from Defendant SKARSUN LTD., for its loss and damage, including costs, disbursements and reasonable attorney's fees.

WHEREFORE, Defendant KINDER MORGAN, respectfully prays that:

a. Plaintiff's Complaint be dismissed with prejudice and that Defendant be awarded costs.

b. Alternatively, Defendant KINDER MORGAN prays that they be given judgment over and against Defendant SKARSUN LTD. for indemnity to the extent of any liability of Defendant KINDER MORGAN to the Plaintiff, together with costs, disbursements and reasonable attorneys' fees.

c. Finally, Defendant KINDER MORGAN prays for such other relief that this court deems just and proper in the circumstances.

Dated: Port Washington, New York
       November 15, 2007

By:

CHALOS, O'CONNOR & DUFFY
Attorneys for Defendant
KINDER MORGAN

Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)
366 Main Street
Port Washington, New York 11050
(516) 767-3600

To: KINGSLEY, KINGSLEY & CALKINS
Attorneys for Plaintiff
91 West Cherry Street
Hicksville, New York  11801
Attn:  Harold M. Kingsley

CHALOS, O'CONNOR & DUFFY
Attorneys for Defendant
Kinder Morgan Bulk Terminals, Inc.,
366 Main Street
Port Washington, New York 11050
(516) 767-3600
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MAN FERROSTAAL, INC.

                Plaintiff,                            07 CIV. 3891 (JGK)
                                                                   ECF CASE
   -against-

M/V MOON SEA, her engines, boilers, tackle, etc.,
KINDER MORGAN BULK TERMINALS, INC.,            **VERIFICATION OF**
SKARSUN LTD., SKAARUP MANAGEMENT               **ANSWER AND**
(HONG KONG) CO. LTD., MOON SEA                        **CROSS-CLAIM**
SHIPPING LTD., KEY MARITIME LTD.,
COSCO BULK CARRIER CO LTD. (COSCO
BULK),
                Defendants.
-----------------------------------------------------------------X

       Pursuant to 28 U.S.C. § 1746, GEORGE E. MURRAY, Esq., declares under the penalty of perjury:

       1.     I am associated with the law firm of Chalos, O'Connor & Duffy, attorneys for the Defendant KINDER MORGAN BULK TERMINALS, INC., herein;

       2.     I have read the foregoing answer with cross-claim and knows the contents thereof; and

       3.     I believe the matters to be true based on documents and information obtained from employees and representatives of the Defendant through its underwriters and attorneys. The reason that this verification was made by deponent and not by the Defendant is because

Defendant's verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
November 15, 2007

                        CHALOS, O'CONNOR & DUFFY, LLP
                        Attorneys for Defendant
                        KINDER MORGAN BULK TERMINALS, INC.

By: _____
                        George E. Murray (GM-4172)
                        366 Main Street
                        Port Washington, New York 11050
                        Tel: (516) 767-3600 / Fax: (516) 767-3605