11736-PAJ

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
MAN FERROSTALL, INC.,                                   :   07 CIV 3891 (JGK)
                                                        :
                           **Plaintiff,**                :
            v.                                          :
                                                        :   **VERIFIED ANSWER WITH**
M/V "MOON SEA," its engines, tackles,                   :   **CROSS-CLAIM**
boilers, etc.,                                          :
KINDER MORGAN BULK TERMINALS,                           :
INC., SKARSUN LTD., SKAARUP                             :
MANAGEMENT (HONG KONG) CO.                              :
LTD., MOON SEA SHIPPING LTD.,                           :
KEY MARITIME LTD., COSCO BULK                           :
CARRIER CO. LTD. (COSCO BULK),                          :
                                                        :
                           **Defendants.**               :
------------------------------------------------------- x

Defendant, **KEY MARITIME LTD.**, by its attorneys, **JUNGE & MELE, LLP**, hereby sets forth the following as its Answer to the Verified Complaint herein:

**FIRST**:   Answering Defendant admits that it entered into a voyage charter party with Man Ferrostaal AG, but except as so admitted denies knowledge or information sufficient to form belief as to the truth of the allegations set forth in paragraphs "1," "2," "3," "5" and "7" of the Verified Complaint.

**SECOND**:   Answering Defendant denies the allegations contained in paragraphs "4", "6" and "8" of the Amended Complaint.

## AS AND FOR ITS AFFIRMATIVE DEFENSES
## ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

### FIRST AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over Answering Defendant and/or this action is subject to arbitration pursuant to the governing charter party or documents of carriage.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action or fails to state claims upon which relief can be granted as against Answering Defendant.

### THIRD AFFIRMATIVE DEFENSE

Some or all of the claims alleged in the Complaint are due to the fault, neglect, negligence, and breach of express or implied contract by co-Defendants or third parties.

### FOURTH AFFIRMATIVE DEFENSE

If carriage of Plaintiff's cargo was effected pursuant to the United States Carriage of Goods by Sea Act of 1936, or other statutory enactment, Answering Defendant is without responsibility, or its liability is limited by the $500 package limitation, or other limitation, for the loss or damage alleged by Plaintiff in its Complaint.

### FIFTH AFFIRMATIVE DEFENSE

If Answering Defendant received and carried Plaintiff's cargo pursuant to the terms and conditions of ocean bills of lading and any governing charter party, it assumed no further obligation or responsibility other than provided for within the terms and

provisions of such contracts of carriage, including the $500 package limitation, one-year suit time limitation, and other limitation on liability.

### SIXTH AFFIRMATIVE DEFENSE

Any loss or damage to Plaintiff's cargo was due to inherent vice, acts of the shipper or owner of the cargo, or other deficiencies for which Answering Defendant may not be held responsible.

### SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained any losses as alleged in the Complaint, said losses arose out of and were caused by risks, dangers and hazards, all of which were open, obvious and assumed by shipper, Plaintiff or owners of the cargo.

### EIGHTH AFFIRMATIVE DEFENSE

If Plaintiff sustained any loss or damages, as alleged in the Complaint, said damages were caused solely by its own or shipper's negligence, or that of their agents, servants, employees or stevedores, and were not caused or contributed to in any manner by the alleged negligence, breach of express contracts or breach of warranty of Answering Defendant.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to take all reasonable steps to minimize its damages.

### TENTH AFFIRMATIVE DEFENSE

The cargo in question was lost or damaged before or after it was received into the

care and custody of the Answering Defendant, and any alleged loss or damage was due to the culpability of Plaintiff, shipper or other third-parties.

### CROSS-CLAIM AGAINST CO-DEFENDANT
### KINDER MORGAN BULK TERMINALS, INC.

Plaintiff's cargo was discharged from the vessel at the designated port of discharge and, as required, said cargo was delivered into the care, custody and control of co-Defendant, KINDER MORGAN BULK TERMINALS, INC ("KINDER MORGAN"); at that time, the cargo was in the same order, condition and quantity as it was at the time of loading aboard the carrying vessel, and in accordance with the terms and provisions of the contract of carriage, delivery was completed at the time of the discharge; as such, and any loss or damage that may have occurred subsequent to that time was not the responsibility of Answering Defendant, but to the contrary, was due to the fault, neglect or negligence of KINDER MORGAN; as such, if any verdict or judgment is rendered against Answering Defendant, then Answering Defendant demands indemnity and/or contribution from KINDER MORGAN for any such verdict or judgment, including reasonable counsel fees necessary to defend this action.

**WHEREFORE,** Answering Defendant demands that the Complaint herein be dismissed with costs to Answering Defendant as against the Plaintiff, and in the alternative, that Answering Defendant have judgment on its cross-claim against co-Defendant, KINDER MORGAN, including reasonable counsel fees necessary to defend

this action, and that the Court grant such other, further and different relief as the justice of the cause may require.

Dated in the City of New York on November 26, 2007

                                        Respectfully submitted,

                                        JUNGE & MELE, LLP
                                        *Attorneys for Defendant*
                                        *Key Maritime Ltd.*

                                            /s/ Peter A. Junge
By_____
                                          Peter A. Junge (PJ-0745)
                                          29 Broadway - 9th Floor
                                          New York, NY 10006
                                          (212) 269-0061

## **VERIFICATION**

PETER A. JUNGE declares as follows:

1. I am a member of the bar of this Honorable Court and of the firm of Junge & Mele, LLP, attorneys for Defendant, Key Maritime Ltd.

2. I have read the foregoing Answer and I believe the contents thereof are true.

3. The reason that this Verification is made by deponent and not be said Defendant is that said Defendant is a foreign corporation, no officers or directors of which are within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by said Defendant.

5. I declare under penalty of perjury that the foregoing is true and correct.

Dated in the City of New York on November 26, 2007

/s/ Peter A. Junge

_____
Peter A. Junge