600-60

**DeORCHIS, WIENER & PARTNERS, LLP**
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

Attorneys for Defendants
SKARSUN LTD., SKAARUP MANAGEMENT
(HONG KONG) CO. LTD. and
MOON SEA SHIPPING LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MAN FERROSTAAL, INC.,

      Plaintiff,        07 Civ. 3891 (JGK)

     -against-

M/V MOON SEA, her engines, boilers, tackle,    **ANSWER**
etc., KINDER MORGAN BULK TERMINALS,      **and**
INC., SKARSUN LTD., SKAARUP         **CROSS-CLAIMS**
MANAGEMENT (HONG KONG) CO. LTD.,
MOON SEA SHIPPING LTD., KEY MARITIME
LTD., COSCO BULK CARRIER CO. LTD.
(COSCO BULK),

      Defendants.
------------------------------------------------------------X

  Defendants SKARSUN LTD., SKAARUP MANAGEMENT (HONG KONG) CO. LTD. and MOON SEA SHIPPING LTD., by and through their attorneys, DeOrchis, Wiener & Partners, LLP, in answering Plaintiff's Verified Complaint, allege upon information and belief as follows:

  1.  Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of Plaintiff's Verified Complaint.

2. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of Plaintiff's Verified Complaint.

3. Deny the allegations in Paragraph 3 of Plaintiff's Verified Complaint in that they do not comply with Federal Rules of Civil Procedure 8(a)(2) and 11(b)(3).

4. Deny each and every allegation contained in Paragraph 4 of Plaintiff's Verified Complaint.

5. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of Plaintiff's Verified Complaint.

6. Deny each and every allegation contained in Paragraph 6 of Plaintiff's Verified Complaint.

7. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of Plaintiff's Verified Complaint.

8. Deny each and every allegation contained in Paragraph 8 of Plaintiff's Verified Complaint.

AS AND FOR ALTERNATIVE AFFIRMATIVE DEFENSES
TO THE CLAIMS SET FORTH IN THE VERIFIED COMPLAINT,
DEFENDANTS SKARSUN LTD., SKAARUP MANAGEMENT
(HONG KONG) CO. LTD. and MOON SEA SHIPPING LTD.
ALLEGE UPON INFORMATION AND BELIEF AS FOLLOWS:

*First Affirmative Defense*

9. The shipment described in Plaintiff's Verified Complaint is subject to all the terms, conditions and exceptions contained in certain bills of lading then and there issued therefor by which the shippers and consignees of said bills of lading agreed to be and are bound. Any shortage, loss and/or damage to the shipment, which Defendants expressly deny, was due to causes for which Defendants are not liable or responsible by virtue of the

provisions of the United States Carriage of Goods by Sea Act, 46 U.S.C. 1300 *et seq.*, approved April 16, 1936, and/or the Harter Act, and/or the provisions of the bills of lading, and/or the General Maritime Law, and/or Hague-Visby Rules, and/or applicable foreign law.

### *Second Affirmative Defense*

10.    Due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the ship in which goods are carried, fit and safe for their reception, carriage and preservation.

### *Third Affirmative Defense*

11.    If the goods were lost, which Defendants expressly deny, the damage was caused by or due to insufficiency of packaging or inadequacy of marks for which the Defendants are not liable pursuant to §§ 1304(2)(n) and (o) of the Carriage of Goods by Sea Act, the equivalent provisions of the Hague-Visby Rules and by the terms of the contract of carriage.

### *Fourth Affirmative Defense*

12.    Any damage to the goods, which is expressly denied, was caused by, due to, or contributed to by inherent defect, quality or vice of the goods for which the Defendants are not liable pursuant to the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(m), the equivalent provisions of the Hague-Visby Rules and by the terms of the contract of carriage.

### *Fifth Affirmative Defense*

13.    Plaintiff has failed to reasonably mitigate its damages.

### *Sixth Affirmative Defense*

14.    Any loss of the goods, which is expressly denied, was caused by, due to or contributed to by an act or omission of the shipper or owner of the goods, their agents,

representatives or independent contractors for which Defendants are not liable pursuant to the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(i), by the terms of the contract of carriage and/or the equivalent provision of the Hague-Visby Rules.

### *Seventh Affirmative Defense*

15.   The Verified Complaint fails to state a claim upon which relief may be granted.

### *Eighth Affirmative Defense*

16.   The maximum liability of Defendants, if any, is $500 per package or per customary freight unit for goods not in packages as agreed in the provisions of the bills of lading and pursuant to the provisions of the Carriage of Goods by Sea Act, specifically 46 U.S.C. § 1304(5).

### *Ninth Affirmative Defense*

17.   Defendant Moon Sea Shipping Ltd. owes no duty, contractual or otherwise, to Plaintiff.

### *Tenth Affirmative Defense*

18.   If the goods were lost and/or damaged, which is expressly denied, said loss and/or damage was caused in whole or in part by the contributory negligence of the Plaintiff and/or its agent, representatives or independent contractors.

### *Eleventh Affirmative Defense*

19.   Plaintiff is not a real party in interest as required by Rule 17.

### *Twelfth Affirmative Defense*

20.   If Plaintiff's cargo suffered any loss or damage, which Defendants expressly deny, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier,

and the carrier is not liable pursuant to the provisions of the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(q).

### *Thirteenth Affirmative Defense*

21. This Honorable Court lacks subject matter jurisdiction by reason of Plaintiff's failure to join an indispensable parties pursuant to Rule 19 of the Federal Rules of Civil Procedure, to wit: the buyer of the goods and the charterers of the vessel, Cosco Bulk Carrier Ltd. and Armada Shipping Co.

### *Fourteenth Affirmative Defense*

22. Defendant Skaarup Management (Hong Kong) Co. Ltd. owes no duty, contractual or otherwise to plaintiff.

### *Fifteenth Affirmative Defense*

23. The goods which are the subject of this action are presumed to be in the same condition when delivered to the receiver/consignee as when received by Defendants because Plaintiff did not give timely written notice of loss or damage under the provisions of the bills of lading and as required by the Carriage of Goods by Sea Act, 46 U.S.C. §1303(6) and/or Article III(6), Hague-Visby.

### *Sixteenth Affirmative Defense*

24. The Verified Complaint is time-barred. 46 U.S.C. App. § 1303(6).

### *Seventeenth Affirmative Defense*

25. Defendant Skarsun Ltd. owes no duty, contractual or otherwise, to Plaintiff.

### *Eighteenth Affirmative Defense*

26. This Honorable Court lacks *in personam* jurisdiction of Defendants in that it is not amenable to jurisdiction and in that the process served was legally insufficient.

**AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS
KINDER MORGAN BULK TERMINALS, INC., KEY MARITIME LTD., and
COSCO BULK CARRIER CO. LTD. (COSCO BULK) (hereinafter "Co-Defendants"),
DEFENDANTS SKAARUP MANAGEMENT (HONG KONG) CO. LTD. and MOON
SEA SHIPPING LTD. (hereinafter "Defendants")
<u>ALLEGE AS FOLLOWS:</u>**

27.  Repeat and reallege each and every admission, denial and denial of knowledge or information hereinabove set forth, with the same force and effect as if herein repeated and set forth at length.

28.  If the shipment in suit was lost as set forth in the Verified Complaint, which is specifically denied, then the damage was proximately caused by the fault, omission, negligence or breach of contract, breach of warranty, breach of bailment of Co-Defendants, and not due to any fault, omission, negligence or breach of contract or breach of warranty on the part of Defendants.

29.  If Plaintiff is entitled to recover against these Defendants for matters alleged in the Verified Complaint, then Defendants are entitled to recover indemnity or contribution from Co-Defendants, for all or a proportionate amount of such sums, if any, so recovered, together with expenses, including attorneys' fees, costs and interest, in defending against Plaintiff's action.

30.  That if Plaintiff is not entitled to recover against Defendants, then Defendants are entitled to recover indemnity from Co-Defendants for all expenses including attorneys' fees, costs and interest which Defendants expended in defending against Plaintiff's action.

**WHEREFORE**, Defendants SKARSUN LTD., SKAARUP MANAGEMENT (HONG KONG) CO. LTD. and MOON SEA SHIPPING LTD. pray:

  (a)  That judgment be entered in favor of Defendants, and against Plaintiff dismissing the Verified Complaint herein together with costs and disbursements of this action;

  (b)  That judgment be entered in favor of Defendants against Co-Defendants on the cross-claim herein together with the costs and disbursements of this action including attorneys' fees plus interest and for such other and further relief as the Court deems just and proper;

  (c)  That the Court direct such other and further relief as it deems just and proper.

Dated: New York, New York
   November 28, 2007

            DeORCHIS, WIENER & PARTNERS, LLP
            Attorneys for Defendants
            SKARSUN LTD., SKAARUP MANAGEMENT
            (HONG KONG) CO. LTD. and
            MOON SEA SHIPPING LTD.


            By: /s/ Christopher H. Mansuy
              **Christopher H. Mansuy (CM-0813)**
              61 Broadway, 26th Floor
              New York, New York 10006-2802
              (212) 344-4700
              Our File: 600-60

W:\600-60\Legals\Ans To Ver'd Cmplt, 112707, Chm.Doc 11/28/07-kc

T O :

KINGSLEY, KINGSLEY & CALKINS
Attorneys for Plaintiff
91 West Cherry Street
Hicksville, New York  11801
Attention:  HAROLD M. KINGSLEY, ESQ.

FOWLER RODRIGUEZ & CHALOS
Americana House
366 Main Street
Port Washington, New York  11050
Attention:  OWEN F. DUFFY, ESQ.

JUNGE & MELE, LLP
29 Broadway
New York, NY 10006
(212) 269-0061
Attention:  PETER A. JUNGE, ESQ.